2024R00055/STB

FILED

SEP 24 2025

AT 8:30 12:50 P M
CLERK, U.S. DISTRICT COURT - DNJ

/M

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. William J. Martini |
| v. | : | Crim. No. 25-571 |
| NARIQ PETES | : | 18 U.S.C. § 1951(a) |
| | : | 18 U.S.C. § 924(c)(1)(A)(ii) |
| | : | 18 U.S.C. § 2 |

## INDICTMENT

The Grand Jury in and for the District of New Jersey, sitting at Newark, charges:

### COUNT ONE
(Conspiracy to Commit Hobbs Act Robbery)

1. At all times relevant to this Indictment, the business described below, the Pharmacy, was located in Livingston, New Jersey, and ordered and sold goods that moved in and affected interstate commerce and engaged in an industry that affected interstate commerce.

2. On or about December 30, 2023, in Essex County, in the District of New Jersey, and elsewhere, the defendant,

**NARIQ PETES,**

did knowingly and willfully conspire and agree with others to obstruct, delay, and affect, and attempt to obstruct, delay, and affect, commerce, and the movement of articles and commodities in such commerce, by robbery, and to unlawfully take and obtain property by means of actual and threatened force, and violence, and fear of injury, immediate and future, to the person and

property of another, namely, Victim-1, Victim-2, and Victim-3, employees of the Pharmacy.

In violation of Title 18, United States Code, Section 1951(a).

## COUNT TWO
(Hobbs Act Robbery)

1.  The allegations of Paragraph 1 of Count One are realleged and incorporated by reference as though set forth in full herein.

2.  On or about December 30, 2023, in Essex County, in the District of New Jersey, and elsewhere, the defendant,

**NARIQ PETES,**

did knowingly and willfully obstruct, delay, and affect, and attempt to obstruct, delay, and affect, commerce and the movement of articles and commodities in such commerce, by robbery, by means of actual and threatened force, and violence, and fear of injury, immediate and future, to the person and property of another, namely, Victim-1, Victim-2, and Victim-3, employees of the Pharmacy.

In violation of Title 18, United States Code, Section 1951(a) and Section 2.

## COUNT THREE
(Using, Carrying, and Brandishing a Firearm
During and in Relation to a Crime of Violence)

On or about December 30, 2023, in Essex County, in the District of New Jersey, and elsewhere, the defendant,

**NARIQ PETES,**

during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, namely, the Hobbs Act Robbery charged in Count Two of this Indictment, did knowingly use and carry a firearm, which firearm was brandished, and did aid and abet the same.

In violation of Title 18, United States Code, Section 924(c)(1)(A)(ii) and Section 2.

## **FORFEITURE ALLEGATION ONE**

Upon conviction of the offenses in violation of 18 U.S.C. § 1951, as charged in Counts One and Two of this Indictment, the defendant,

**NARIQ PETES,**

shall forfeit to the United States: (1) pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to such offenses; and (2) pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c), any firearms and ammunition involved in or used in the commission of such offenses.

## **FORFEITURE ALLEGATION TWO**

Upon conviction of the offense in violation of 18 U.S.C. § 924(c) as charged in Count Three of this Indictment, the defendant,

**NARIQ PETES,**

shall forfeit to the United States, pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c), any firearms and ammunition involved in or used in the commission of such offense.

**SUBSTITUTE ASSETS PROVISION**
**(Applicable to All Forfeiture Allegations)**

If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

  a. cannot be located upon the exercise of due diligence;

  b. has been transferred or sold to, or deposited with, a third party;

  c. has been placed beyond the jurisdiction of the Court;

  d. has been substantially diminished in value; or

  e. has been commingled with other property which cannot be divided without difficulty,

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c), to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property.

TODD BLANCHE
U.S. Deputy Attorney General

*Alina Habba /RLW*
Alina Habba
Acting United States Attorney
Special Attorney

/s/ Sam Thypin-Bermeo
Sam Thypin-Bermeo
Chrstopher Amore
Assistant United States Attorneys

6

CASE NUMBER: 25-571

# United States District Court
# District of New Jersey

**UNITED STATES OF AMERICA**

v.

**NARIQ PETES**

## INDICTMENT FOR

18 U.S.C. § 1951(a)
18 U.S.C. § 924(c)(1)(A)(ii)
18 U.S.C. § 2

A True Bill,



ALINA HABBA
ACTING UNITED STATES ATTORNEY
SPECIAL ATTORNEY

SAM THYPIN-BERMEO
CHRISTOPHER AMORE
ASSISTANT U.S. ATTORNEYS
NEWARK, NJ
973-297-2897